## THE CHICAGO LIVE STOCK COMMISSION COMPANY v. JOSEPH CONNALLY.

(Filed September 3, 1904.)

1. **TRIAL—Stipulation—Construction of.** A stipulation between parties to an action in respect to evidence should receive a fair and reasonable construction, so as to carry into effect the apparent intention of the parties, and one that will promote a fair trial on the merits of the cause.

2. **INSTRUCTIONS—Review—Exceptions Must Be Shown.** Before this court will review the correctness of instructions given by the trial court, the record must affirmatively show an exception to the giving of such instructions at the time they were given.

3. **SAME—Special—Omitted, When.** Where the court has generally instructed the jury on questions of law, 'it is no ground for a reversal of the cause that the court omitted to give special instructions, where they were not requested by either party.

4. **SAME.** Under the provisions of our code, before a party can avail himself of any omission by the court to instruct the jury upon a. given point, which is not covered by the general instructions of the court, such party must, at the conclusion of the evidence, deliver to the court special instructions, and such instructions must be reduced to writing, numbered, and signed by the party or his attorney.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell Trial Judge.*

*T. G. Cutlip* and *McLain Taylor,* for plaintiff in error.

*R. B. Blakeney* for defendant in error.

Opinion of the court by

HAINER, J.: This was a replevin action brought by The Chicago Live Stock Commission Company against Joseph Connally, to recover the possession of nineteen head of cattle, of the alleged value of two hundred and twenty-three dollars.

The plaintiff claimed to be the owner of the cattle in controversy by virtue of a chattel mortgage executed by Hines & Hinkley to it, which mortgage included these and other cattle. It was admitted upon the trial that the chattel mortgage was a valid one and subsisting mortgage, and that it covered the cattle in dispute. The defense to the action was that the mortgagors, Hines & Hinkley, were authorized to sell the cattle in controversy by the mortgagee, The Chicago Live Stock Commission Company, and that pursuant to such authority the mortgagors sold and delivered the cattle in controversy to the defendant, who purchased said cattle in good faith, and for a valuable consideration. And it was further claimed by the defendant that the Chicago Live Stock Commission Company, mortgagee, had knowledge and notice of such sale, and that it subsequently ratified the same.

The cause was tried to a jury, and a verdict returned in favor of the defendant, which verdict was approved by the court, and judgment rendered accordingly. Motion for a new trial was duly filed and overruled, exception reserved, and the cause appealed to this court.

The facts in this case are substantially the same as the facts in the case of *The Chicago Live Stock Commission Company v. Jesse Fix,* cause No. 1490, and the same questions are raised by the plaintiff in error, this cause having been tried on the same stipulation between the parties, the same letters, and substantially the same oral testimony concerning the purchase and value of the cattle. And hence the decision in that case is decisive of the questions presented in this case. See *Chicago Live Stock Commission Company v. Fix,* cause 1490, decided at this term, and not yet officially reported.

The record fails to disclose that any exceptions were taken to any of the instructions that were given by the court, and hence if any error was committed in the instructions, it is not available in this court. This court will not review the correctness of instructions given by the trial court, unless the record affirmatively shows an exception to the giving of such instructions at the time they were given. However, we are of the opinion that the instructions, as they appear in the record, fairly and correctly state the law of the case, and that the evidence fully sustains the verdict and the judgment of the court. Hence, their being no error in the record, the judgment of the district court is affirmed.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.